Geoghegan, J.
Heard on motion to discharge an attachment.
The plaintiff filed her action herein against the defendant, alleging that she was the owner and entitled to the immediate possession of diamonds of the value of $2,500, which she claimed the defendant took and carried away and unlawfully converted and disposed of to her own use, to plaintiff’s damage in the sum of $2,500. For a second cause of action she alleged as follows:
“On the ■ — -• day of April, 1918, plaintiff was entitled to the payment to her of onedialf of the proceeds of a life insurance policy No. 7253, with The Modern Woodmen of America, for the sum of two thousand ($2,000) dollars, in the life of Irby Wood-son Poor (also known as Woodson Poor), deceased. On said date the defendant collected and appropriated the portion of the said sum coming to this plaintiff, to-wit, the sum of one thousand ($1,000|) dollars, to her own use, to the damage of the plaintiff in the sum of one thousand ($1,000) dollars.”
*60 Her prayer was for judgment against the defendant in the sum of $3,500.
Accompanying this petition, the plaintiff filed an affidavit in attachment, by her attorney, alleging, among other things, that the defendant is a non-resident of the state and that Fred E. Wesselmann, clerk of the court, had money in his hands belonging to the defendant^
The defendant entered a special appearance and moved that the attachment be discharged:
1. On the ground that said petition and affidavit do not constitute a ground of attachment as set forth in Section 11819 of the General Code of the state of Ohio; and,
2. On the ground that the defendant is a resident of the city of Cincinnati, county of Hamilton, and state of Ohio.
In support of the first ground, counsel for defendant contends that the action sued upon herein is not based on ‘ ‘ a debt or demand arising upon contract, judgment or decree,” and that therefore the plaintiff is not entitled to an attachment under Section 11819 of the General Code.
I think he is correct in this contention.
Counsel for the plaintiff, in oral argument, conceded that the first cause of action was one for conversion and therefore sounded in tort, and an attachment could not be sustained under it upon the ground of the non-residence of the defendant. He claimed, however, as to the second cause of action, that it arose out of contract, inasmuch as it was a claim for a definite sum of money, for the repayment of which an implied obligation rested upon the defendant, that is, in effect, that it was the action of indebitatus assumpsit at common law. He relies principally on the case of Martin v. Gunnison et al, 1 C.C.(N.S.), 71.
But that case is clearly distinguishable from the case at bar. The petition in that case averred that one Howe was made the trustee of one hundred shares of stock for the use of plaintiff’s mother during her life, and that after her death it was to be divided between the children; that the defendant had been appointed trustee in succession to Howe, had taken possession of *61 said shares of stock and had converted both the interest, which had been collected, and the said stock to his own use, and she asked judgment against the defendant for one-half the value of said stock and said interest, having alleged that she and her sister were the only children surviving her mother. It is evident, from an examination of this petition which was demurred to, how the circuit court came to the conclusion that the cause of action stated in the petition arose out of contract. The defendant, when he accepted the trust, became a bailee of the stock for certain purposes. Under his contract of bailment he obligated himself to pay over the proceeds of the stock to plaintiff’s mother during her lifetime and at her death to turn over the stock to the plaintiff and her sister, who were the only surviving children of the mother. Therefore, the action was for his failure to perform this contract, as plainly set forth in the petition, and the court might well say that the action sued upon therein was one arising out of contract and therefore within the purview of Section 11819 of the General Code.
However, an examination of the second cause of action in this petition does not disclose in what manner the defendant herein secured the proceeds of the policy of insurance, and for all that appears on the face of the petition there is no inference that she entered into any contract whereby she agreed to turn the proceeds over to the plaintiff herein, but it is plain that the allegation is that she converted same to her own use.
It seems to me that the second cause of action alleged in the petition comes squarely within the decision of the Supreme Court of Ohio in the case of Pope v. Insurance Company, 24 Ohio St., 481, wherein the cause of action was based on an alleged failure to insure certain property which was destroyed hy fire while in the hands of the defendant. The court, in passing upon Section 191 of the Civil Code, now Section 11819 of the General Code, as applicable to the petition filed in that case, say at page 485:
“The cause of action alleged in the petition and affidavit for an attachment * * * was not one ‘arising upon contract, judgment or decree,’ but was based solely on a breach of duty, without averring that the duty arose by contract.”
*62 The second canse of action herein does not aver anything with reference to how the proceeds of this policy came into the hands of the defendant, and certainly does not aver that any contract was entered into whereby the defendant was to pay to the plaintiff these proceeds or any part thereof. It is evident, from the construction put upon what is now Section 11819, G-eneral Code, by the Supreme Court, in the case of Pope v. Insurance Company, supra, that some averment must be made in the petition from which the court may at least infer that the cause of action arose out of some contract, either express or implied. The most that can be said for the second cause of action herein is that a quasi contract may be inferred, and this, I think, is not what the statute contemplates.
I therefore think that the motion to discharge the attachment should be granted.
I have made a careful examination of all the authorities submitted by counsel upon this phase of the matter under consideration, and have come to this conclusion after mature reflection.
The most important case cited by counsel for plaintiff is the case of Railroad Company v. Peoples, 31 Ohio St., 537. But that case is also distinguishable from the case at bar, inasmuch as the petition therein recited a contract of carriage between a common carrier and a passenger and relied upon the failure of the carrier to carry safely, thus causing an injury to the passenger, and the court held that the passenger, in an action to recover for the failure to carry safely, might, at her election, sue upon the contract or in tort and that an attachment therefore might be sustained as upon a demand arising out of contract.
Having taken this view, it is not necessary for me to pass upon the other questions presented, to-wit, the place of residence of the defendant and the sufficiency of the affidavit.